## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF CONNECTICUT

| | |
|---|---|
| **KENNETH A. THOMAS MD, LLC**, a Connecticut limited liability company, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| *v.* | **JURY TRIAL DEMANDED** |
| **MEDCOM MEDICAL MESSAGING, INC.**, an Indiana corporation, **PHYSICIANS ANSWERING GROUP EXCHANGE, INC.**, an Indiana corporation, and **RONALD RAY BROCK II**, a North Carolina individual, | |
| *Defendants.* | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kenneth A. Thomas MD, LLC ("Thomas" or "Plaintiff") brings this Class Action Complaint against Defendant MedCom Medical Messaging, Inc. ("Defendant" or "MedCom"), Defendant Physicians Answering Group Exchange, Inc., ("Defendant" or "PAGE") and Defendant Ronald Ray Brock II ("Defendant" or "Brock") to stop the Defendants practices of sending unauthorized and unwanted fax advertisements, and to obtain redress and recover damages for all persons and entities similarly injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### NATURE OF THE ACTION

1.     Defendant Brock owns multiple companies which provide telephone answering services to doctors' offices and other medical facilities on a monthly subscription, throughout the U.S.

1

2.      This case challenges Defendant Brock's practice of sending unsolicited advertisement material using fax messages to doctors' offices through the companies he owns and/or operates.

3.      The advertisements are sent to solicit the recipient doctors' offices to hire Defendants' telephone answering service for a monthly subscription fee.

4.      Defendant Brock directed Defendant MedCom and Defendant PAGE, or otherwise controlled their operations to cause them, to send the faxes at issue to Plaintiff and the Class despite: (i) having no established business relationship with them; (ii) never receiving the recipients' consent to receive such faxes; and (iii) that none of the faxes sent contained requisite opt-out notices.

5.      As such, Defendants' fax advertisements violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, and increased labor expenses.

6.      Accordingly, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages, along with costs and reasonable attorneys' fees.

**PARTIES**

7.      Plaintiff Kenneth A. Thomas MD, LLC is a Connecticut limited liability company with its principal place of business in Stratford, Connecticut.

8.      Defendant Ronald Ray Brock II is a North Carolina individual, and is the CEO and/or the co-owner of Defendant PAGE and Defendant MedCom, and conducts business throughout the U.S.

2

9.     Defendant PAGE is an Indiana corporation with its principal place of business in Whiting, Indiana. Defendant PAGE conducts business throughout the U.S.

10.     Defendant MedCom is an Indiana corporation with its principal place of business in Whiting, Indiana. Defendant PAGE conducts business throughout the U.S.

## JURISDICTION & VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), a federal statute for which there is federal question jurisdiction.

12.     The Court has personal jurisdiction over Defendant and venue is proper in this District because the wrongful conduct giving rise to this case was directed by the Defendants to and received by the Plaintiff in this District.

## COMMON ALLEGATIONS

13.     Defendant Brock is the CEO and/or the co-owner of Defendant PAGE and Defendant MedCom, which are both for-profit companies offering telephone answering services to doctors and medical facilities throughout the U.S.

14.     Defendant Brock owns and operates multiple companies offering similar services, including, but not limited to Defendants PAGE and Medcom.

15.     The official website for Defendant PAGE, www.PAGEanswers.com, redirects visitors to the website www.medcomtas.com which is owned and operated by Defendant MedCom doing business as MedCom Telephone Answering Service and MedCom.

3



| # | Code | Requested URL |
|---|------|---------------|
| ⌄ | 301 | http://www.PAGEanswers.com/<br>▪ Redirects: 2 |
| 1 | **301** | http://www.PAGEanswers.com/<br>**301 Redirect** |
| 2 | **301** | http://medcomtas.com/<br>**301 Redirect** |
| 3 | **200** | https://www.medcomtas.com/<br>**Trace Complete** |

16.   As part of an overall marketing plan to advertise subscriptions to their services, Defendants send unsolicited faxes to doctors and their organizations.

17.   Defendants send the unsolicited advertisement material to get recipients to hire their medical answering services and medical dispatch solutions for a monthly subscription fee.

18.   Defendants offer professional telephone operators' services to assist their clients with answering inbound calls their businesses receive, for between $1 to $2 for each minute of answered calls, via various packages for monthly subscriptions ranging between $30 to $1000 per month.[2]

---

[1] https://wheregoes.com/trace/20222736013/
[2] https://www.medcomtas.com/pricing

| # of Minutes | Base Rate | Overage Charge |
|---|---|---|
| 30 Minutes | $29.95 per month | $1.95 per additional minute of work time |
| 60 Minutes | $59.95 per month | $1.75 per additional minute of work time |
| 90 Minutes | $89.95 per month | $1.75 per additional minute of work time |
| 120 Minutes | $119.95 per month | $1.75 per additional minute of work time |
| 160 Minutes | $159.95 per month | $1.75 per additional minute of work time |
| 200 Minutes | $199.95 per month | $1.75 per additional minute of work time |
| 300 Minutes | $299.95 per month | $1.75 per additional minute of work time |
| 400 Minutes | $399.95 per month | $1.75 per additional minute of work time |
| 500 Minutes | $499.95 per month | $1.75 per additional minute of work time |
| 600 Minutes | $599.95 per month | $1.75 per additional minute of work time |
| 700 Minutes | $699.95 per month | $1.75 per additional minute of work time |
| 800 Minutes | $799.95 per month | $1.75 per additional minute of work time |
| 900 Minutes | $899.95 per month | $1.75 per additional minute of work time |
| 1000 Minutes | $995.00 per month | $1.75 per additional minute of work time |

19.     In addition to sending unsolicited advertisement using fax messages, Defendants also intentionally fail to provide the required mechanism to opt-out of receiving such advertisement via fax messages. The link to the webpage their fax messages contain for opt-out does not work as required and leads the recipients to a broken webpage at: https://removemyfaxnumber.com/.

20.     Defendants send these fax advertisements to individuals and businesses including those with which they have no existing business relationship, and without express invitation or permission, in violation of the TCPA.

21.     Defendants used a telephone facsimile machine, computer, or other device to send the fax advertisements at issue.

## PLAINTIFF THOMAS' ALLEGATIONS

22.     On November 20, 2018, at 6:48 PM, Defendant MedCom used a telephone facsimile machine with the phone number, 844-875-9187, to send an unsolicited fax advertisement to Plaintiff Thomas's fax machine. (True and accurate copies of the fax advertisement is attached

hereto as Exhibit A).

23.     The unsolicited fax advertisement was sent to induce Plaintiff Thomas to subscribe to Defendant MedCom's answering services. It also stated that the Plaintiff would receive a free iPad on signing up before November 30. And the fax message contained MedCom's phone number 833-628-6510 and their website address: www.medcomtas.com.

24.     The unsolicited fax message from Defendant MedCom provided the phone number, 855-923-2672, and a website address: www.removemyfaxnumber.com for opting out from receiving future advertisements via fax. But neither this phone number, nor this website allows a consumer to make any opt-out requests.

## Frustrated with your answering service?

- Long Hold Times?
- Missed Calls?
- Incompetent / Untrained operators?
- Unsecure Messaging?

### CALL MEDCOM TODAY!

- Trained / Professional Operators
- HIPAA / HITECH Compliant
- Per-Call Billing – NO PER MINUTE FEES
- Month to Month or Contracted Rates
- NO HOLIDAY CHARGES
- FREE SECURE TEXTING

MedCom is a PHYSICIAN ONLY answering service.  The services we offer are superior to those of the traditional answering service.  Experiencing problems with your service following your call schedule?  Call us!  Are you vulnerable to HIPAA compliance violations?  Not here!

### ***FREE IPAD WHEN YOU SIGN UP BY NOVEMBER 30th***

Sign an annual agreement and get a discount on our already competitive rates, or sign a month-to-month agreement.

## (833)628-6510

## www.medcomtas.com
## info@medcomtas.com
## @MedComTAS

### SAME DAY SET-UP AVAILABLE!

Your number is in our private records.  If we reached you in error, or you wish to be removed from future faxes, please dial 855-923-2672 anytime, 24/7.  Or go to www.removemyfaxnumber.com (Use PIN 13415) Thank you.

25.    The facsimile number, 844-875-9187, belongs to Defendant MedCom and is advertised on their printed material in various places, for instance:

www.medcomtas.com
info@medcomtas.com
Tel # 888-298-9422 / 972-629-9546
Fax # 844-875-9187

[3]

---

[3] https://0201.nccdn.net/1_2/000/000/138/c99/MedComPackage.pdf

26.     On April 2, 2019, at 8:57 PM, Plaintiff Thomas received another unsolicited advertisement fax message from Defendant MedCom to its fax machine, again advertising their telephone answering services to Plaintiff, along with offering discounted prices to induce the Plaintiff to subscribe to Defendant's service.

27.     In this fax message, Defendant MedCom failed to provide any domestic phone number, or any other mechanism, through which the recipients could opt out of receiving such future solicitations from Defendant MedCom.



**Frustrated with your answering service?**

- Missed Calls / Late Messages
- Per-Minute Fees / Long Hold Times
- Holiday Fees / Computer Use Fees
- Wrong Numbers / Unsecure Texts
- HIPAA / HITECH Compliance Fees
- Paged when you aren't on-call

**Call MedCom!**

- Per-Call Billing
- Accurate Dispatch & Message Delivery
- NO Holiday Charges
- NO computer use / tech fees
- NO charge for our requirement to be HIPAA/HITECH compliant
- Free Secure Text Messaging and Appointment Scheduling

Our rates start at $29.95 per month!

**Call Today!**
**888-298-9422**

www.medcomtas.com
info@medcomtas.com

**We will beat any competitors rate by 30%!**
**20% off of your base rate for 90 days!**

28.     On April 8, 2019, at 7:40 PM, Plaintiff Thomas received an unsolicited advertisement fax message to its fax machine from Defendant PAGE, soliciting Defendant's telephone answering service to Plaintiff with the monthly payment plans for the services.

29.     Defendant PAGE failed to provide any domestic telephone number on which Plaintiff could make an opt out request and instead provided a link to the website: www.removemyfaxnumber.com which leads the consumers to a blank or broken webpage, with no information on it, thus effectively leaving the recipients of the unsolicited fax advertisement without any way to opt out.



### page
Physicians Answering
Group Exchange

24/7 Medical Answering Service

| Doctor's Assessed Messages | Semi-Annual Billing |
|---|---|
| 0 – 300 | $474 |
| 301 – 450 | $780 |
| 451 – 600 | $1,110 |
| 601 – 750 | $1,344 |
| 750 + | $1,620 |
| Non-Affiliated Doctor Fee | $75 per provider |

| Optional Services / Fees | Semi-Annual Billing |
|---|---|
| Call Schedule Maintenance Fee | $50 per month |
| Patched / Cross Connect Calls | $.50 each |
| Nurse Line Referrals | $.10 each |
| Message Faxing | $10 per month |
| Nurse Triage | $20.00 per call |

PAGE is the nations premier provider of medical answering service.   We specialize in medical communications services for physicians, hospitals, home health / hospice agencies, and other healthcare-related concerns.

We are fully HIPAA compliant and our app for secure messaging services is free.

Our rates are competitive, but fair and our service is superior to that of the traditional answering service that services non-healthcare-related concerns.  Never pay for wrong numbers and hang ups!

We offer HIPAA compliant nationwide alpha numeric pagers for $20 per month for those providers that prefer a pager over using their cell phone.

**CALL TODAY FOR MORE INFO!**

**833-619-7580**

**To be removed from this fax list: www.removemyfaxnumber.com**
**Pin 13743**

30.    On February 17, 2021, at 6:00 PM, Plaintiff Thomas received yet another unsolicited fax advertisement to its fax machine soliciting Defendant PAGE's answering services.



31.    The fax advertisements failed to provide the required opt-out notice mandated by 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. § 54.1200(a)(4)(iii)-(iv). Specifically, the fax failed to contain language that identified a facsimile number and telephone number for fax recipients to

transmit their opt-out requests.

32.     Plaintiff did not provide permission to Defendant to send it fax advertisements, or faxes at all.

33.     Plaintiff has never been a customer of Defendant, nor has it ever been interested in being a customer of Defendant.

34.     The fax occupied Plaintiff's fax line, making it unavailable for legitimate communications.

35.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were subjected to annoying and harassing faxes that constituted a nuisance, and their fax lines were rendered unavailable for lawful communications.

<h2 style="text-align:center">CLASS ACTION ALLEGATIONS</h2>

36.     **Class Definitions:** Plaintiff Thomas brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of Class of similarly situated individuals as follows:

> **Unsolicited Fax Message Class:** All persons and entities to whom: (a) Defendants and/or a third party acting on Defendants' behalf sent one or more faxes; (b) advertising Defendants' services (c) at any time in the period that begins four years before the date of filing this complaint and ends at the date of trial..

37.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, its subsidiaries, parents, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims

against Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

38.     **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Class. Class membership can be easily determined from Defendants' records.

39.     **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendants violated the TCPA with respect to Plaintiff, then they violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendants' uniform wrongful conduct.

40.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a)     How Defendants gathered, compiled, or obtained fax numbers of Plaintiff and the Class;

b)     Whether Defendants' faxes advertised the commercial availability or quality of property, goods, or services;

c)     Whether Defendants sent the fax advertisements without first obtaining prior express permission or invitation from Plaintiff and the Class to do so; and

d)     Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendants' actions.

41.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendants have no

defenses unique to Plaintiff.

42.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

43.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Unsolicited Fax Message Class)**

44.     Plaintiff incorporates and realleges the prior paragraphs of this complaint as if fully set forth herein.

45.     The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

46.     The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

47.     The faxes sent by Defendants advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendants' faxes are advertisements under the TCPA.

48.     Defendant sent the facsimile advertisements at issue to Plaintiff and other members of the Class without their prior express invitation or consent, and despite the lack of an existing business relationship between them and members of the Class.

49.     By sending the unsolicited advertisement faxes at issue to Plaintiff and members of the Class without their prior express invitation or permission, Defendants violated 47 U.S.C. § 227(b)(1)(C).

50.     As a result of Defendants' conduct, Plaintiff and the members of the No Consent Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to

receive, review and route the unauthorized faxes, as well as increased labor expenses.

51.    Plaintiff and the Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendants' misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

52.    Additionally, as a result of Defendants' unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendants' violations of the TCPA do not continue into the future.


## PRAYER

WHEREFORE, Plaintiff Kenneth A. Thomas MD, LLC, on behalf of itself and the Class, prays for the following relief:

a.  An order certifying the Class as defined above, appointing Kenneth A. Thomas MD, LLC as the representative of the Class, and appointing its counsel as Class Counsel;

b.  An order declaring that Defendants' actions, as set out above, violate the TCPA;

c.  An order declaring that Defendants' faxes constitute unsolicited advertisements, that they lacked the required opt-out language, and that Defendants sent the faxes without first obtaining prior express invitation or permission of the recipients, and enjoining Defendants from further violations, and otherwise protecting the interests of the Class;

d.  An award of statutory damages;

e.  An award of pre-judgement interest and costs; and

f.  Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**KENNETH A. THOMAS MD, LLC**, individually and on behalf of all others similarly situated,

Dated: July 21, 2022                    By:\_\_\_\_\_/s/ Jason R. J. Campbell
                                        Jason R. J. Campbell, Esq.
                                        Charlestown Law Group
                                        The Schrafft Center Power House
                                        529 Main Street, Suite P200
                                        Charlestown, Massachusetts 02129
                                        (617) 872-8652
                                        jcampbell@charlestownlawgroup.com

                                        Avi R. Kaufman*
                                        kaufman@kaufmanpa.com
                                        Kaufman P.A.
                                        237 South Dixie Highway, Floor 4
                                        Coral Gables, FL 33133
                                        Telephone: (305) 469-5881

                                        *Attorneys for Plaintiff and the Class*

                                        * *Pro Hac Vice* Admission to Be Sought

# EXHIBIT A



## Frustrated with your answering service?

- Long Hold Times?
- Missed Calls?
- Incompetent / Untrained operators?
- Unsecure Messaging?

### CALL MEDCOM TODAY!

- Trained / Professional Operators
- HIPAA / HITECH Compliant
- Per-Call Billing – NO PER MINUTE FEES
- Month to Month or Contracted Rates
- NO HOLIDAY CHARGES
- FREE SECURE TEXTING

MedCom is a PHYSICIAN ONLY answering service. The services we offer are superior to those of the traditional answering service.   Experiencing problems with your service following your call schedule?  Call us!  Are you vulnerable to HIPAA compliance violations?  Not here!

### ***FREE IPAD WHEN YOU SIGN UP BY NOVEMBER 30th***

Sign an annual agreement and get a discount on our already competitive rates, or sign a month-to-month agreement.

# (833)628-6510

# www.medcomtas.com
# info@medcomtas.com
# @MedComTAS

### *SAME DAY SET-UP AVAILABLE!*

Your number is in our private records.  If we reached you in error, or you wish to be removed from future faxes, please dial 855-923-2672 anytime, 24/7.  Or go to www.removemyfaxnumber.com[Use PIN 13415) Thank you.



## Frustrated with your answering service?

- **Missed Calls / Late Messages**
- **Per-Minute Fees / Long Hold Times**
- **Holiday Fees / Computer Use Fees**
- **Wrong Numbers / Unsecure Texts**
- **HIPAA / HITECH Compliance Fees**
- **Paged when you aren't on-call**

# Call MedCom!

- **Per-Call Billing**
- **Accurate Dispatch & Message Delivery**
- **NO Holiday Charges**
- **NO computer use / tech fees**
- **NO charge for our requirement to be HIPAA/HITECH compliant**
- **Free Secure Text Messaging and Appointment Scheduling**

**Our rates start at $29.95 per month!**

### Call Today!
# 888-298-9422

**www.medcomtas.com**

**info@medcomtas.com**

**\*\*We will beat any competitors rate by 30%!\*\***

**20% off of your base rate for 90 days!**



**page**

Physicians Answering
Group Exchange

24/7 Medical Answering Service

| Doctor's Assessed Messages | Semi-Annual Billing |
|---|---|
| 0 – 300 | $474 |
| 301 – 450 | $780 |
| 451 – 600 | $1,110 |
| 601 – 750 | $1,344 |
| 750 + | $1,620 |
| Non-Affiliated Doctor Fee | $75 per provider |

| Optional Services / Fees | Semi-Annual Billing |
|---|---|
| Call Schedule Maintenance Fee | $50 per month |
| Patched / Cross Connect Calls | $.50 each |
| Nurse Line Referrals | $.10 each |
| Message Faxing | $10 per month |
| Nurse Triage | $20.00 per call |

PAGE is the nations premier provider of medical answering service. We specialize in medical communications services for physicians, hospitals, home health / hospice agencies, and other healthcare-related concerns.

We are fully HIPAA compliant and our app for secure messaging services is free.

Our rates are competitive, but fair and our service is superior to that of the traditional answering service that services non-healthcare-related concerns. Never pay for wrong numbers and hang ups!

We offer HIPAA compliant nationwide alpha numeric pagers for $20 per month for those providers that prefer a pager over using their cell phone.

**CALL TODAY FOR MORE INFO!**

# 833-619-7580
## To be removed from this fax list: www.removemyfaxnumber.com
### Pin 13743



## Physicians Answering Group Exchange (P.A.G.E.)

P.A.G.E. is a medical-only service.  P.A.G.E. is one of the largest medical answering services in the United States providing direct answer and personal response, relaying messages according to your instructions.

### P.A.G.E. keeps you in touch while you're on the go!

Physicians Answering Group exchange (P.A.G.E.) consistently maintains a technological edge and makes your answering service one less business concern for you and your office staff.  You will notice our attention to detail and sincere commitment to making it easy to contact P.A.G.E. through a variety of channels.

| Billing | Rates Per-Physician Calls | Non-Urgent Calls |
|---|---|---|
| Semi-annual billing.  Billed in January and June.  Sign up for Auto-Pay to get an extra discount. | 0-300　　　= $500<br>301-450　　=$810<br>451-600　　=$1130<br>601-750　　=$1375<br>750 +　　　=$1750<br>Ask about our flat rate plan! | Routine office messages can be taken by our operators and faxed to the office or you can opt to allow your patients to leave a confidential voice message that is e-mailed to your office staff.  You may also opt to allow your patients to only leave urgent messages and instruct them to call back during regular hours for matters that are related to routine patient care.  Every account is customized to suit each individual provider in the practice.  Each provider can have different contact and notification preferences. |
| **Web Portal**<br>Easily access your account online 24/7 through our secure online web portal. Listen to calls, read messages, and upload call schedules.<br><br>**SECURE MESSAGING**<br>We offer a fully HIPAA compliant messaging app to deliver SECURE text messages right to your phone.<br>Your office staff can also send you secure messages via our web portal | **We're experienced**<br>P.A.G.E. hires and trains operators with experience in medical settings.  As an exclu-sive physician service, opera-tors understand the complexi-ties of your practice and the special needs of your patients.<br>**You are assured:**<br>• Reliability<br>• HIPAA Compliance<br>• Emergency Dispatch<br>• Multiple Delivery Options<br>• Refereal to "on-call" physicians as per your instruction | *Join us By Contacting: P.A.G.E. @ 833-609-5455 or sending an e-mail to info@pageanswers.com* |

(312)535-5600 - Local
(833)609-5445 - Toll Free

**Physicians Answering Group Exchange**
*"When patients call, PAGE answers!"*
*www.PAGEanswers.com*
*info@PAGEanswers.com*

To be removed from our distribution list please call 1-855-339-7845